## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**AMET MUSTAFA**                                              **CIVIL ACTION**

**VERSUS**

**ALBERTO GONZALES, ET AL**                        **NO. 07-537-A-M2**

## NOTICE

        Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

        In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

        **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

        Signed in chambers in Baton Rouge, Louisiana, August 31, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AMET MUSTAFA**                                                          **CIVIL ACTION**

**VERSUS**

**ALBERTO GONZALES, ET AL**                                   **NO. 07-537-A-M2**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss or Alternatively, to Dismiss Improper Parties and Transfer Venue (R. Doc. 4) filed by respondents, Alberto Gonzales, Attorney General of the United States; Michael Chertoff, the Secretary of the United States Department of Homeland Security; and Joe Young, the Warden of the Federal Detention Center in Oakdale, Louisiana (collectively "respondents").

## FACTS & PROCEDURAL BACKGROUND

On July 30, 2007, petitioner, Amet Mustafa ("Mustafa"), filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 and Stay of Deportation" (R. Doc. 1), seeking "declaratory and injunctive relief to review the unlawfulness of his detention by the United States Department of Homeland Security and Immigration and Customs Enforcement" ("ICE").  In his petition, Mustafa alleges that he is a native and citizen of Macedonia, formerly Yugoslavia, and that he became a lawful permanent resident of the United States in 1980.  He further contends that, on September 20, 2002, he pled guilty to felony drug charges in the United States District Court for the Eastern District of New York and was subsequently sentenced to fifty-seven (57) months in prison.  Upon termination of his federal sentence, he was placed in removal proceedings, and on March 19, 2007,

1

the immigration judge ordered him to be removed to Macedonia.  *See*, Mustafa's petition, ¶¶9-12.

Mustafa alleges, however, that, in June 2007, ICE officials attempted to deport him to Serbia, and Serbian officials refused to accept him.  Subsequently, ICE tried to deport him to Montenegro, and again, he was rejected by foreign officials.  *Id.*, at ¶13.  Mustafa asserts that a new date for his deportation has been set, September 19, 2007, and that the ICE will again attempt to deport him to a country other than his native country of Macedonia.  *Id.*  He contends that such deportation is unlawful and would constitute cruel and unusual punishment in violation of the Eighth Amendment since it would place his life in imminent danger because he is Muslim.  *Id.*  Mustafa also alleges that his continued detention in the Federal Detention Center in Oakdale, Louisiana, pending his removal is in violation of the due process clause of the Fifth Amendment because it exceeds the presumptively reasonable six (6) month removal period established in *Zadvydas v. Davis*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).[1]

Through the present motion, respondents seek to have Mustafa's petition dismissed for lack of subject matter jurisdiction and lack of jurisdiction under 28 U.S.C. §2241 pursuant to Fed. R. Civ. P. 12(b)(1) and (3), or alternatively, to have Attorney General Gonzales and Secretary Chertoff dismissed as improper parties and this matter transferred to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §1406(a).

---

[1] Mustafa contends that the ICE has detained him for more than six (6) months since he terminated his federal sentence.

## LAW & ANALYSIS

Pursuant to 28 U.S.C. §2241, district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. §2241. In *Rumsfield v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159L.Ed.2d 513 (2004), the United States Supreme Court held that, in a habeas challenge to present physical confinement, *i.e.*, a "core" habeas proceeding, "the district of confinement [is] synonymous with the district court that has territorial jurisdiction over the proper respondent." Although the Supreme Court left open the question of whether aspects of its *Padilla* decision ought to apply to habeas petitions brought by alien detainees pending deportation, the majority of justices noted that the proper location for a habeas action is best understood as a question of personal jurisdiction and venue. *Campbell v. Ganter*, 353 F.Supp.2d 332, 337 (E.D.N.Y. 2004), citing *Padilla,* at 2727-28 (The Supreme Court has held that traditional venue considerations apply to habeas corpus proceedings).[2] While this Court may have personal jurisdiction over Joe Young, petitioner's custodian and the Warden of the Federal Detention Center in Oakdale, Louisiana, pursuant to Fed. R. Civ. P. 4(e)(1) even though Young is located in the Western District of Louisiana,[3] venue is not appropriate in this district.

The three (3) factors considered in determining the appropriate venue for an action are: (1) "where all the material events took place;" (2) where "records and witnesses

---

[2] *Campbell*, at 337 ("Indeed, a consideration of personal jurisdiction and venue has long been a part of the [Supreme] Court's jurisprudence concerning the proper court under which to bring a habeas petition").

[3] Fed. R. Civ. P. 4(e)(1) allows this Court to authorize service of process on individuals in accordance with the laws of Louisiana, which establish jurisdiction over persons located within this state. Fed. R. Civ. P. 4(e)(1); *Campbell*, at 338; *Eltayeb v. Ingham*, 950 F.Supp. 95, 99-100 (S.D.N.Y. 1997)(asserting personal jurisdiction over District Director of INS located in Western District of New York).

pertinent to the petitioner's claim are likely to be found;" and (3) the relative convenience of the forum for the parties. *Henderson v. I.N.S.*, 157 F.3d 106, 127 (2nd Cir. 1998)(quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)).  Applying those factors to the present matter, it is clear that the Western District of Louisiana is the appropriate venue for this action, given that Mustafa and his custodian are both located there; that any attempts by ICE officials to deport Mustafa would have been made by the deportation officer stationed within that district; and that evidence of any measures taken by the deportation officer to effect Mustafa's removal, of any actions taken by Mustafa to cooperate with the ICE's efforts, and of the purported 180 day custody reviews would be located at the place of Mustafa's detention in the Western District.[4]  Accordingly, in the interest of justice, this Court will transfer Mustafa's habeas action to the proper venue, the Western District of Louisiana, pursuant to 28 U.S.C. §1406(a), rather than dismiss the action.  Following transfer, the Western District can address the remaining arguments contained in the respondents' motion to dismiss.[5]

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Dismiss or, Alternatively, to Dismiss Improper Parties and Transfer Venue (R. Doc. 4) filed by

---

[4] The Court finds that this case is distinguishable from *Campbell v. Ganter*, 353 F.Supp.2d 332 (E.D.N.Y. 2004), where the court held that habeas jurisdiction was not limited to the district court with territorial jurisdiction over the immediate custodian of alien detainees pending deportation *where the alien and the custodian are not located within the same judicial district.*

[5] See: *Gemayel v. Cabral*, 427 F.Supp.2d 6 (D. Mass. 2007), regarding the issue of whether subject matter jurisdiction exists, and *Campbell v. Ganter*, 353 F.Supp.2d 332 (E.D.N.Y. 2004), relative to the issue of whether Attorney General Gonzales and Secretary of the U.S. Department of Homeland Security Chertoff are proper respondents in this action.

respondents, Alberto Gonzales, Attorney General of the United States; Michael Chertoff, the Secretary of the United States Department of Homeland Security; and Joe Young, the Warden of the Federal Detention Center in Oakdale, Louisiana, should be **GRANTED IN PART**, in that this matter should be transferred to the Western District of Louisiana pursuant to 28 U.S.C. §1406(a) for further proceedings and disposition of the remaining arguments contained in respondents' motion to dismiss.

Signed in chambers in Baton Rouge, Louisiana, August 31, 2007.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**